# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 19L0829

Amount Claimed >$50,000

| Micheal Dunigan | Hurrah Redman, PHS Enterprises, Inc. dba Midstate Produce, Hogan Truck Leasing, Inc., Hogan Transports, Inc. |
|---|---|
| **Plaintiff(s)** | vs **Defendant(s)** |

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

Pltf. Atty. Matthew P. Young _____ Code _____
Address 23 South 1st Street
City Belleville, IL 62220    Phone 277-7260
Add. Pltf. Atty. _____ Code _____

NAME Hurrah Redman

ADDRESS 4277 Chippewa

## SUMMONS COPY

To the above named defendant(s)......:

CITY & STATE St. Louis, MO 63116

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20__ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20__
KAHALAH A. CLAY, Circuit Clerk
11/26/2019
of Court
BY DEPUTY: MYRTLE SHANNON

**S E A L**

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant or other person)



I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):

By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
|  |  |  |
|  |  |  |

(d) - (Other service):

_____, Sheriff of _____ County

_____, Deputy

| SHERIFF'S FEES |
|---|
| Service and return _____$ |
| Miles _____ .........$_____ |
| Total.......................$_____ |
|  |
| Sheriff of _____ County |

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 19L0829

Amount Claimed >$50,000

| Plaintiff(s) | Defendant(s) |
|---|---|
| Micheal Dunigan | VS  Hurrah Redman, PHS Enterprises, Inc. dba Midstate Produce, Hogan Truck Leasing, Inc., Hogan Transports, Inc. |

Classification Prefix _____ Code _____ Nature of Action _____ Code _____

Pltf. Atty. Matthew P. Young _____ Code _____
Address 23 South 1st Street
City Belleville, IL 62220   Phone 277-7260
Add. Pltf. Atty. _____ Code _____

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**
NAME PHS Enterprises, Inc. dba Midstate Produce
      Accountax, Inc.
ADDRESS 11420 Gravois Road
CITY & STATE St. Louis, MO 63126

## SUMMONS COPY

To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at (court location) _____ at _____ M. On _____ 20__ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 20__
        11/26/2019
BY DEPUTY: MYRTLE SHANNON

**SEAL**

DATE OF SERVICE: _____ 20__
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . . $____ |
| Total . . . . . . . . . . . . . . . . . . . . . . $____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

Electronically Filed
Kahalah A. Clay
Circuit Clerk
MYRTLE SHANNON
19L0829
St. Clair County
11/26/2019 11:14 AM
7513711

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| MICHEAL DUNIGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 19-L 0829 |
| ) | |
| HURRAH REDMAN, ) | |
| PHS ENTERPRISES, INC. d/b/a MIDSTATE ) | |
| PRODUCE, ) | |
| HOGAN TRUCK LEASING, INC. ) | |
| HOGAN TRANSPORTS, INC. ) | |
| ) | |
| Defendants. ) | |

Serve at:  
Hurrah Redman  
4277 Chippewa  
St. Louis, MO 63116  

PHS Enterprises  
Accountax, Inc.  
11420 Gravois Road  
St. Louis, MO 63126  

Both:  
Hogan Truck Leasing/Transports  
John Riffle  
12935 North Outer Forty, Ste. 102  
St. Louis, MO 63141  

## COMPLAINT

COMES NOW Plaintiff, Micheal Dunigan, by and through his attorney Matthew P. Young of Kuehn, Beasley & Young, P.C., and for his Complaint against Hurrah Redman, PHS Enterprises Inc., d/b/a Midstate Produce, Hogan Truck Leasing, Inc., and Hogan Transports, Inc., states as follows:

### COUNT I – NEGLIGENCE AGAINST HURRAH REDMAN

1. Plaintiff is and was at all relevant times a resident of St. Clair County, Illinois.

2. Upon information and belief, defendant resides in Missouri.

3. Upon information and belief, defendant was employed by PHS Enterprises, Inc. D/B/A Midstate Produce on or about February 16, 2019, and driving a vehicle owned or leased by PHS Enterprises, Inc. D/B/A Midstate Produce, Hogan Truck Leasing, Inc., and/or Hogan Transports, Inc. with its permission.

4. On or about February 16, 2019, Plaintiff was in a vehicle that had the right-of-way traveling southwest bound on Central Park Drive in St. Clair County when he was in a collision with the vehicle driven by Hurrah Redman. At the time of the collision, Defendant Redman was an employee of the defendant PHS Enterprises and operating a motor vehicle in the scope and course of his employment that was owned or leased by defendants.

5. At all relevant times, defendant had a duty to exercise reasonable care to avoid colliding with other vehicles.

6. That at the above-mentioned time and place, defendant was negligent in one or more of the following ways:

   a. Failed to yield the right-of-way;

   b. Failed to keep a proper lookout;

   c. Carelessly and negligently misjudged the distance he had to turn in front of plaintiff and did so when it was unsafe to do so;

   d. Made an improper left hand turn;

  e. Carelessly and negligently turned in front of plaintiff without ensuring it was safe to do so;

  f. Failed to obey the rules of the road;

  g. Failed to exercise reasonable care in operating the motor vehicle.

  7. That as a direct and proximate result of one or more of these negligent acts, plaintiff was injured.

  8. That plaintiff has suffered, and will suffer in the future, severe injury and pain, lost wages, loss of enjoyment of life, medical bills past and future, past and future pain and suffering and disability and property damage as a result of defendant's negligence.

  WHEREFORE, Plaintiff prays for judgment against the defendant, Hurrah Redman, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs and for such further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE – PHS Enterprises, Inc. d/b/a Midstate Produce

  1. Plaintiff is and was at all relevant times a resident of St. Clair County, Illinois.

  2. Upon information and belief, Defendant, PHS Enterprises, Inc. d/b/a Midstate Produce (hereinafter PHS) was a Missouri corporation, authorized to transact business in the State of Illinois, and was conducting business in St. Clair County, Illinois, on February 16, 2019, at the time of the motor vehicle collision.

3. Upon information and belief, Defendant Hurrah Redman was employed by PHS on or about February 16, 2019, and driving a vehicle owned or leased by PHS Enterprises, Inc. D/B/A Midstate Produce, Hogan Truck Leasing, Inc., and/or Hogan Transports, Inc. with its permission.

4. On or about February 16, 2019, Plaintiff was in a vehicle that had the right-of-way traveling southwest bound on Central Park Drive in St. Clair County when he was in a collision with the vehicle driven by Hurrah Redman. At the time of the collision, Defendant Redman was an employee of the defendant PHS Enterprises and operating a motor vehicle in the scope and course of his employment that was owned or leased by defendants.

5. At all relevant times, defendant had a duty, by and through its agents and employees, to exercise reasonable care to avoid injuring plaintiff.

6. That at the above-mentioned time and place, defendant, by and through its agent and employee, was negligent in one or more of the following ways:

   a. Failed to yield the right-of-way;

   b. Failed to keep a proper lookout;

   c. Carelessly and negligently misjudged the distance he had to turn in front of plaintiff and did so when it was unsafe to do so;

   d. Made an improper left hand turn;

  e. Carelessly and negligently turned in front of plaintiff without ensuring it was safe to do so;

  f. Failed to obey the rules of the road;

  g. Failed to exercise reasonable care in operating the motor vehicle.

7. That as a direct and proximate result of one or more of these negligent acts, plaintiff was injured.

8. That plaintiff has suffered, and will suffer in the future, severe injury and pain, lost wages, loss of enjoyment of life, medical bills past and future, past and future pain and suffering and disability and property damage as a result of defendant's negligence.

WHEREFORE, Plaintiff prays for judgment against the Defendants, PHS Enterprises, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs and for such further relief as this Court deems just and proper.

## COUNT III – NEGLIGENCE – Hogan Truck Leasing, Inc.

1. Plaintiff is and was at all relevant times a resident of St. Clair County, Illinois.

2. Upon information and belief, Defendant, Hogan Truck Leasing, Inc. (hereinafter Hogan Leasing) was a Missouri corporation, authorized to transact business in the State of Illinois, and was conducting business in St. Clair County, Illinois, on February 16, 2019, at the time of the motor vehicle collision.

3. Upon information and belief, Defendant Hurrah Redman was employed by or serving the business purposes of Hogan Leasing on or about February 16, 2019, and driving a vehicle it owned with its permission.

4. On or about February 16, 2019, Plaintiff was in a vehicle that had the right-of-way traveling southwest bound on Central Park Drive in St. Clair County when he was in a collision with the vehicle driven by Hurrah Redman. At the time of the collision, Defendant Redman was operating a motor vehicle in the scope and course of his employment that was owned or leased by defendant.

5. At all relevant times, defendant had a duty, by and through its agents and/or employees, to exercise reasonable care to avoid injuring plaintiff.

6. That at the above-mentioned time and place, defendant, by and through its agent and employee, was negligent in one or more of the following ways:

    a. Carelessly and negligently allowed Hurrah Redman to drive its vehicle without ensuring it was safe for him to do so thereby placing the public and plaintiff at great risk of injury;

    b. Failed to yield the right-of-way;

    c. Failed to keep a proper lookout;

    d. Carelessly and negligently misjudged the distance he had to turn in front of plaintiff and did so when it was unsafe to do so;

    e. Made an improper left hand turn;

  f. Carelessly and negligently turned in front of plaintiff without ensuring it was safe to do so;

  g. Failed to obey the rules of the road;

  h. Failed to exercise reasonable care in operating the motor vehicle.

7. That as a direct and proximate result of one or more of these negligent acts, plaintiff was injured.

8. That plaintiff has suffered, and will suffer in the future, severe injury and pain, lost wages, loss of enjoyment of life, medical bills past and future, past and future pain and suffering and disability and property damage as a result of defendant's negligence.

WHEREFORE, Plaintiff prays for judgment against the defendants, Hogan Truck Leasing, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs and for such further relief as this Court deems just and proper.

## COUNT IV – NEGLIGENCE – Hogan Transports, Inc.

1. Plaintiff is and was at all relevant times a resident of St. Clair County, Illinois.

2. Upon information and belief, Defendant, Hogan Transports, Inc. (hereinafter Hogan Transport) was a Missouri corporation, authorized to transact business in the State of Illinois, and was conducting business in St. Clair County, Illinois, on February 16, 2019, at the time of the motor vehicle collision.

3. Upon information and belief, Defendant Hurrah Redman was employed by or serving the business purposes of Hogan Leasing on or about February 16, 2019, and driving a vehicle it owned with its permission.

4. On or about February 16, 2019, Plaintiff was in a vehicle that had the right-of-way traveling southwest bound on Central Park Drive in St. Clair County when he was in a collision with the vehicle driven by Hurrah Redman. At the time of the collision, Defendant Redman was operating a motor vehicle in the scope and course of his employment that was owned or leased by defendant.

5. At all relevant times, defendant had a duty, by and through its agents and/or employees, to exercise reasonable care to avoid injuring plaintiff.

6. That at the above-mentioned time and place, defendant, by and through its agent and employee, was negligent in one or more of the following ways:

    a. Carelessly and negligently allowed Hurrah Redman to drive its vehicle without ensuring it was safe for him to do so thereby placing the public and plaintiff at great risk of injury;

    b. Failed to yield the right-of-way;

    c. Failed to keep a proper lookout;

    d. Carelessly and negligently misjudged the distance he had to turn in front of plaintiff and did so when it was unsafe to do so;

    e. Made an improper left hand turn;

   f. Carelessly and negligently turned in front of plaintiff without ensuring it was safe to do so;

   g. Failed to obey the rules of the road;

   h. Failed to exercise reasonable care in operating the motor vehicle.

7. That as a direct and proximate result of one or more of these negligent acts, plaintiff was injured.

8. That plaintiff has suffered, and will suffer in the future, severe injury and pain, lost wages, loss of enjoyment of life, medical bills past and future, past and future pain and suffering and disability and property damage as a result of defendant's negligence.

WHEREFORE, Plaintiff prays for judgment against the Defendants, Hogan Transports, Inc., in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs and for such further relief as this Court deems just and proper.

          Respectfully Submitted,

          /s/Matthew P. Young
          Matthew P. Young #6291110
          Attorney for Plaintiffs
          Kuehn, Beasley & Young, P.C.
          23 South 1st Street
          Belleville, Illinois 62220
          Phone: 618.277.7260
          Fax: 618.277.7718

Electronically Filed
Kahalah A. Clay
Circuit Clerk
MYRTLE SHANNON
19L0829
St. Clair County
11/26/2019 11:14 AM
7513711

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| MICHEAL DUNIGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 19-L 0829 |
| | ) |
| HURRAH REDMAN, | ) |
| PHS ENTERPRISES, INC. d/b/a MIDSTATE | ) |
| PRODUCE, | ) |
| HOGAN TRUCK LEASING, INC. | ) |
| HOGAN TRANSPORTS, INC. | ) |
| | ) |
| Defendants. | ) |

## AFFIDAVIT

This affidavit is made pursuant to Supreme Court Rule 222(b). Under the penalties of perjury as provided by Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the money damages sought by the Plaintiff herein does exceed fifty thousand dollars ($50,000.00).

Respectfully Submitted,

/s/Matthew P. Young
Matthew P. Young #6291110
Attorney for Plaintiffs
Kuehn, Beasley & Young, P.C.
23 South 1st Street
Belleville, Illinois 62220
Phone: 618.277.7260
Fax: 618.277.7718

Page 1 of 1