IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL DUNIGAN,               )
                                    )
      Plaintiff,          )
                                      )
      v.                 )        Case No.   20-cv-6-RJD
                                      )
HURRAH REDMAN, PHS ENTERPRISES,  )
INC., HOGAN TRUCK LEASING, INC., and )
HOGAN TRANSPORTS, INC.,       )
                                      )
      Defendants.       )

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court on the Motion to Remand and Supplemental Motion to Remand filed by Plaintiff Michael Dunigan (Docs. 7 and 13).  Defendants PHS Enterprises, Inc. and Hurrah Redman filed a timely response (Doc. 19).  For the reasons set forth below, the Motions are **DENIED**.

**<u>Background</u>**

    Plaintiff initiated this personal injury action in state court against Defendants Hurrah Redman, PHS Enterprises, Inc., Hogan Truck Leasing, Inc., and Hogan Transports, Inc. on November 26, 2019.  Plaintiff's complaint concerns a motor vehicle accident that occurred on February 16, 2019.  In his complaint, Plaintiff indicates he is a resident of St. Clair County, Illinois.  Defendants Hurrah Redman and PHS Enterprises, Inc. removed this matter asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.   In their notice of removal, Defendants assert that Hurrah Redman is a citizen of St. Louis, Missouri; PHS Enterprises, Inc. is a Missouri corporation with its principal place of business in St. Louis, Missouri; Hogan Truck Leasing, Inc.

is a Missouri corporation with its principal place of business in St. Louis, Missouri; and Hogan Transports, Inc. is a Missouri corporation with its principal place of business in St. Louis, Missouri. Thus, they assert removal is appropriate based on diversity of citizenship.

In the motion to remand, Plaintiff asserts that PHS and Redman never obtained the consent of the Hogan defendants for removal as required by 28 U.S.C. § 1446(b)(2). In his supplemental motion to remand, Plaintiff contradicts his previous argument, asserting the Hogan Defendants have "now" tried to consent to the removal, but that the consent was time-barred under the "first-served defendant" rule.

A review of the docket establishes that the Hogan Defendants filed a Consent to Removal on January 3, 2020, asking this Court to accept jurisdiction of this action (Doc. 4). Defendants argue the consent was timely and appropriate in light of the "last served defendant rule" codified at 28 U.S.C. § 1446(b)(2).

## Discussion

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Complete diversity means no plaintiff may be from the same state as any defendant. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 803 (7th Cir. 2009). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff has not sought remand due to a lack of party diversity; rather, Plaintiff argues the Hogan Defendants either did not consent or their consent was not timely and, therefore, the removal was improper.

First, the Hogan Defendants clearly consented to the removal of this action on the date the notice of removal was filed.  Next, the Court considers whether the consent was timely and adequate under 28 U.S.C. § 1446.  Plaintiff argues the Hogan Defendants' consent was untimely as they were served on November 26, 2019, but did not consent to the removal until January 3, 2020.  Plaintiff cites *Yarber v. Morse*, Civil No. 11-166-GPM, 2011 U.S. Dist. LEXIS 24608 (Mar. 10, 2011, S.D. Ill.), in support of his argument.  In *Yarber*, the court recognized the "first-served defendant" rule, explaining that a defendant's failure to effect removal within thirty days of receipt of an initial pleading in a case as required under 28 U.S.C. § 1446(b) operates as a waiver of the right to remove as to all later-served defendants.  *Id.* at *5.  Defendants correctly argue, however, that the "first-served defendant" rule is no longer good law.  28 U.S.C. § 1446(b) has been modified and explicitly provides that in cases with multiple defendants, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  *Id.* at § 1446(b)(2)(C).  This is commonly referred to as the "last-served defendant rule."  *Act II Jewelry, LLC v. Wooten*, Case No. 15-C-6950, 2015 WL 7889039, *1 (Dec. 4, 2015, N.D. Ill.).  In *Wooten*, the court remarked that the rule acknowledges that later-served defendants be given their own opportunity to remove, even if the earlier-served defendants chose not to remove initially.  *Id.* at *3.

The removal in this case was appropriate and timely under § 1446(b)(2)(C).  All defendants consented to the removal and the removal notice was filed on January 3, 2020, within 30 days of service on the removing defendants.  Removal is not barred merely because the Hogan Defendants did not previously initiate removal.  As such, Plaintiff's Motions to Remand (Docs. 7 and 13) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 29, 2020**

_s/ Reona J. Daly_
**Hon. Reona J. Daly**
**United States Magistrate Judge**